RIVERA, APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama Refusing to Record a Forced Sale.

No. 586.—Decided March 28, 1924.

RECORD OF TITLE—FORCED SALE—PROPERTY OF MINORS—PUBLICATION OF NOTICE.
—The registrar refused to record a forced sale of property of minors, because notice of the sale was not published for twenty days in accordance with subdivision 2 of section 251 of the Code of Civil Procedure. *Held:* That the notice having been published once a week for three consecutive weeks and more than twenty days having elapsed between the date of the first publication, October 3, and the date of the sale, October 27, the statute was complied with.

The facts are stated in the opinion.

*Mr. A. Porrata Doria* for the appellant.

The respondent did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a case of the judicial sale of property of minors. The deed executed by the marshal was presented in the registry and the registrar refused to record it for the reason stated in the following decision:

"This deed No. 8 of January 22, 1924, executed before notary Adolfo Porrata Doria of Guayama, cannot be recorded as regards the condominium of one-third of the property belonging to the minor Antonio Mattei y Ortiz, because of the incurable defect of failure to publish the notice of sale for twenty days in accordance with subdivision 2 of section 251 of the Code of Civil Procedure, inasmuch as the time between the first and the last publication, or between the 3rd and the 17th of October, is fourteen days. A cautionary notice is entered instead for the legal period in favor of Rivera at page 204 of volume 16 of Salinas, property number 781, entry letter A."

Section 82 of the Special Legal Proceedings Act, as amended by Act No. 33 of March 9, 1911, reads in part as follows:

"The public sale of property belonging to a minor or incapacitated person shall be carried out in the presence of the marshal of the district after the publication of the corresponding edicts in the customary places and in a newspaper with circulation in the district; but in the case of sale of personal property the value of which be under two hundred dollars, the judge may. then waive the publication of the edicts in the newspapers."

This statute does not mention the time during which the notices shall be published; therefore, it is necessary to refer to section 251 of the Code of Civil Procedure as supplementary. It reads as follows: ,

"Before the sale of the property on execution, notice thereof must be given as follows:

\*        \*        \*        \*        \*        \*        \*.

"2. In case of other personal property, by posting a similar notice particularly describing the property, for twenty days, in three public places of the precinct or city where the property is situated, and also where the property is to be sold, or publishing a copy thereof once a week for the same period, in some newspaper published in the district, if there be one."

In this case the notices were published on the 3rd, 10th and 17th of October, 1923, but the registrar alleged that in order to publish them as required by law it is necessary that the 20 days prescribed in the statute cited should be included between the first and the last publication, while between the 3rd and the 17th of October only fourteen days elapsed.

On the other hand, the appellant alleges that said section 251 authorizes two kinds of publication and that the publication of the notices in the newspaper is immaterial, because at the same time the notices were posted in three public places of the city wherein the property was situated; but in this connection section 82 of the Special Legal Proceedings Act requires the publication of the notice of sale by posting it in the customary places and at the same time

its publication in a newspaper of the district wherein the property is situated.

Our conclusion is that as the notice was published once a week for three consecutive weeks and more than twenty days elapsed between the date of the first publication, October 3rd, and the date of the sale, October 27th, the statute was complied with.

For the purpose of determining the scope of a defect of the kind pointed out by the registrar see 10 R. C. L. 1293; *Henna et al.* v. *Saurí & Subirá,* 22 P. R. R. 776, and *Solá* v. *Castro, ante,* page 740.

For the foregoing reasons the decision must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.